**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM KNEE,<br><br>    Plaintiff,<br><br>        v.<br><br>JAMES ASSELSTINE et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:15-CV-0226<br><br>(JUDGE CAPUTO) |

**MEMORANDUM ORDER**

Presently before the Court is a Complaint (Doc. 1) filed by Plaintiff William Knee on January 30, 2015. Plaintiff asserts that the Court's basis for subject matter jurisdiction is diversity of citizenship. (*Id.,* ¶ 4.) Federal district courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

**I. Analysis**

The Complaint fails to properly identify Plaintiff's and Defendants' respective states of citizenship. The Complaint alleges that Plaintiff William Knee resides in Kentucky, and that Defendant James Asselstine resides in Pennsylvania. (Doc 1, ¶¶ 1-2.) While Plaintiff identifies in which states he and Defendant Asselstine reside, he does not identify the state in which each has *citizenship*. The Complaint also does not allege in which state Defendant Alan Rutledge has citizenship. Additionally, the Complaint states the address of Defendant Rutledge Construction and/or Alan Rutledge Construction, but does not allege in which state it has its principal place of business. (*Id.,* ¶ 3.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity,

meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges his citizenship and the citizenship of the defendants. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David,* 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton,* 232 U.S. 619 (1914).

To the extent the Complaint alleges where the parties reside, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov,* 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiff must allege the individual parties' states of citizenship, not merely of residence.

With respect to corporate defendants, Plaintiff has failed to allege the principal place of business. A corporation may only have one principal place of business, and proper

invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business").  A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Here, the Complaint only includes where Defendant(s) Rutledge Construction and/or Alan Rutledge Construction have an address.  (Doc. 1, ¶ 3.)  However, to properly plead diverse citizenship, Plaintiff must allege each corporation's principal place of business. Because the Complaint does not contain this information, the Court cannot determine whether there is proper jurisdiction over this action.

## II. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3).  However, Plaintiff will be given twenty-one (21) days to amend his complaint to show that diversity jurisdiction exists.  Failure to do so will result in this action being dismissed.

**NOW**, this 11th day of February, 2015, **IT IS HEREBY ORDERED** that Plaintiff William Knee  is given leave to file an amended complaint within twenty-one (21) days from the date of entry of this order to address the identified defects.  If Plaintiff fails to do so, the action will be dismissed.

     /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge